THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ERIC HAFNER,<br><br>Plaintiff,<br><br>v.<br><br>LIEUTENANT GOVERNOR OF THE STATE OF UTAH,<br><br>Defendant. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 2:24-CV-41-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Eric Hafner, an inmate at Federal Correctional Institution, Otisville, brought this *pro se* civil rights action under 42 U.S.C. § 1983 on January 17, 2024. *See* Dkt. No. 3. The court screened the Complaint as required by 28 U.S.C. § 1915A and granted Plaintiff's motion to proceed *in forma pauperis*. *See* Dkt. No. 10. The court required plaintiff to pay an initial partial filing fee of $4.67 within thirty days of April 15, 2024, and to complete a consent form to have that fee debited from his account. *See id*. In that order, the court cautioned Plaintiff that "[if] this initial partial fee is not paid within thirty days, or if Plaintiff has not shown Plaintiff has no means to pay the initial partial filing fee, the complaint will be dismissed." *See id*. After Plaintiff did not timely respond to the court's order, the court ordered him on May 31, 2024, to show cause why this case should not be dismissed for Plaintiff's failure to pay the initial partial filing fee and file the consent form. Plaintiff has not responded and has not otherwise communicated with the court.

Under Federal Rule of Civil Procedure 41(b), "[if] the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any

claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a [petitioner's] failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a petitioner's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

The court finds that Petitioner has failed to prosecute this action, comply with this court's orders, or show good cause why this action should not be dismissed. The court accordingly dismisses Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 12th day of August, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge